**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5115**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JOEL RAMIREZ-MONTANEZ, a/k/a Gilberto Ramirez, a/k/a Herbert Ramirez,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:11-cr-00118-JRS-1)

Submitted: May 30, 2012        Decided: June 4, 2012

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Elizabeth W. Hanes, Assistant Federal Public Defender, Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Ramirez-Montanez ("Ramirez") pled guilty, pursuant to a written plea agreement, to one count of illegally reentering the United States after having been removed following conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). In the plea agreement, Ramirez reserved the right to challenge the district court's denial of his motion to suppress evidence of his identity obtained following a stop of the pickup truck in which he was a passenger. Ramirez argues on appeal that he was unreasonably seized in violation of the Fourth Amendment by officers with Immigration and Customs Enforcement ("ICE") and that the evidence should have been suppressed as the fruit of an illegal seizure. Finding no reversible error, we affirm.

We review for clear error the factual findings underlying a district court's ruling on a motion to suppress and the court's legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). When evaluating the denial of a suppression motion, we construe the evidence in the light most favorable to the Government, the party prevailing below. Id.

Consistent with the Fourth Amendment, a law enforcement officer "may conduct a brief investigatory stop where the officer has reasonable suspicion [but not probable

2

cause to believe] that criminal activity may be afoot." United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004). To satisfy the Fourth Amendment, a temporary stop must be "justified at its inception" and "reasonably related in scope to the circumstances which justified the interference in the first place." Terry v. Ohio, 392 U.S. 1, 20 (1968). Officers may stop a suspect when they can "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21. Courts are to judge those facts "against an objective standard: would the facts available to the officer at the moment of the seizure . . . warrant a [person] of reasonable caution in the belief that the action taken was appropriate?" Id. at 21-22 (internal quotation marks omitted).

A Terry or investigative stop may become a full-scale arrest requiring probable cause under certain circumstances. "The test for determining whether an individual is in custody or under arrest is whether, under the totality of the circumstances, the suspect's freedom of action is curtailed to a degree associated with formal arrest." Park v. Shiflett, 250 F.3d 843, 850 (4th Cir. 2001) (internal quotation marks omitted); see also Florida v. Royer, 460 U.S. 491, 500 (1983) (explaining that, instead of being distinguished by the absence of any restriction of liberty, Terry stops differ from custodial

3

interrogation in that they must last no longer than necessary to verify or dispel the officer's suspicion).

After review of the record and the parties' briefs, we conclude that the district court correctly determined that the initial stop of the pickup truck was a Terry stop supported by reasonable suspicion. We find no merit to Ramirez' assertion that the stop of the truck was transformed into a full-scale arrest requiring probable cause by the ICE officers' attire, alleged armaments, and positioning of their vehicles relative to the truck. United States v. Leshuk, 65 F.3d 1105, 1109 (4th Cir. 1995). We further conclude that the officers' confirmation of Ramirez' identity during the stop provided the probable cause necessary to support his subsequent arrest. United States v. Ortiz, 669 F.3d 439, 444 (4th Cir. 2012).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED